# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 227 | **DATE** | 7/16/2002 |
| **CASE TITLE** | | Casserly vs. Nienhouse | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss is granted. [7-1] The complaint is dismissed with prejudice. ENTER MEMORANDUM OPINION.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

**JUL 17 2002**
date docketed

docketing deputy initials

7/16/2002
date mailed notice

KAM
mailing deputy initials

AMM

courtroom deputy's initials

Date/time received in central Clerk's Office

02 JUL 16 PM 4: 33
CLERK U.S. DISTRICT COURT
FILED

Document Number

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCIS J. CASSERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 227 |
| | ) | |
| CARYN NIENHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |



**MEMORANDUM OPINION**

Before the court is defendant's motion to dismiss the complaint. For the following reasons, the motion is granted.

**BACKGROUND**

<u>Pro se</u> plaintiff, Francis J. Casserly, complains that his constitutional rights were violated in a small claims action filed against him in the Circuit Court of Kane County, Illinois. In 1994, defendant Caryn Nienhouse's husband, Larry Nienhouse, filed a complaint against Casserly, alleging that Casserly test-drove a van Nienhouse was selling and that Casserly failed to yield the right-of-way to another vehicle, causing a collision and damage to the van. During trial in February 1995, Caryn Nienhouse was added as a party plaintiff on the court's motion to conform the pleading to the proof, as Caryn Nienhouse was the title owner of the van. The trial court entered judgment for Caryn Nienhouse and against Casserly for $2,150.00 plus court costs of $150.80. Casserly's

motion for a new trial was denied. Casserly appealed, and the appellate court affirmed the trial court's judgment. Various additional motions ensued in 1998 and 1999 seeking enforcement of the judgment.

Plaintiff filed the instant action, alleging that he was denied due process in the state court proceedings and that defendant committed fraud in relation to those proceedings. Plaintiff seeks a declaration that the state court judgment is "void" and also requests us to enter judgment against the defendant in the amount of $2,343.00.

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### A.   Subject Matter Jurisdiction

Casserly essentially is asking this court to review the decision of the Circuit Court of Kane County. We have no jurisdiction to entertain his request. Under the Rooker-Feldman doctrine, we are precluded from exercising subject matter jurisdiction over claims that seek review of a state court judgment. See Maple Lanes, Inc. v. Messer, 186 F.3d 823, 825 (7th Cir. 1999); Ritter v. Ross, 992 F.2d 750, 753 (7th Cir. 1993); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The

Rooker-Feldman doctrine bars not only attacks on issues actually decided in state court, but also extends to claims that are "inextricably intertwined" with the state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483-84 n.16 (1983). A claim is "inextricably intertwined" with a state court decision if the district court "is in essence being called upon to review the state court decision." Id. To assess the applicability of the Rooker-Feldman doctrine, "the fundamental and appropriate question to ask is whether the injury alleged . . . resulted from the state court judgment itself or is distinct from that judgment." Long v. Shorebank Dev. Corp., 182 F.3d 548, 555 (7th Cir. 1999).

Despite the fact that Casserly alleges that his "civil rights" were violated, the only injuries alleged by him derive from the state court judgment itself. The complaint is nothing but an attempt to re-litigate issues previously decided against Casserly. Therefore, we do not have subject-matter jurisdiction over his claims, and the case must be dismissed. See Ritter, 992 F.2d at 754 ("It is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action .'") (citation omitted).[1]

---

[1] The complaint refers to 28 U.S.C. § 1443(1), but that statute is not applicable here. Section 1443 provides for removal of civil rights cases by a defendant from a state court to a federal district court. Moreover, there is no pending state action here, but rather an entirely new action brought by the plaintiff.

Furthermore, it does not appear that we have either diversity jurisdiction or federal question jurisdiction. We have no diversity jurisdiction because both plaintiff and defendant are Illinois citizens and the amount in controversy falls far short of the threshold $75,000 amount. Even construing the complaint under the liberal standard required for pro se plaintiffs, see Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996), we have no federal question jurisdiction because the complaint fails to state a federal claim. As noted supra, plaintiff cannot state a viable federal claim that in fact is an attempt to collaterally attack a state court decision simply by labeling the action as a civil rights claim. In addition, federal civil rights lawsuits, such as § 1983 claims, cannot be maintained against a person who did not act "under color" of state law. See Hanania v. Loren-Maltese, 212 F.3d 353, 356 (7th Cir. 2000) ("A cause of action under § 1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law at the hand of someone acting under color of law."). Defendant Caryn Nienhouse was not a state actor.

The complaint also alleges that defendant acted fraudulently. Even if the complaint adequately stated a state law claim for fraud (which we doubt that it does), we would not have the power to exercise supplemental jurisdiction over the claim because we do not have original jurisdiction. See 28 U.S.C. § 1367.

**B.    Rule 11 Sanctions**

Pursuant to Rule 11, defendant requests that she be awarded attorney's fees she incurred in this matter.  Under Rule 11, we may impose sanctions on a plaintiff who signs a complaint without first making a reasonable inquiry to determine whether it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.    Fed. R. Civ. P. 11.    Defendant calls our attention to a letter, sent by counsel to Casserly shortly after the complaint was filed, that mentioned Rule 11.  The letter, however, merely called Casserly's attention to Rule 11 and deemed the action "frivolous," but did not explain why and, specifically, did not call Casserly's attention to the Rooker-Feldman doctrine or our lack of jurisdiction to review state court judgments.    It is a common perception among laymen that federal courts are a place for the redress of "civil rights" matters, and it is apparent that Casserly believed that the state court judgment somehow violates his "civil rights."

This court recognizes that the sanction power must be exercised with restraint against pro se litigants, who usually lack legal knowledge or skills.  Casserly presents no evidence of legal expertise.    Indeed, Casserly's response to defendant's motion to dismiss demonstrates his lack of familiarity with legal principles and his ignorance of the issues presented by the motion.  Because

his complaint was deficient for lack of subject matter jurisdiction, a legal question, we will not hold him subject to Rule 11 sanctions.[2]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The complaint is dismissed with prejudice.


DATE:           July 16, 2002


ENTER:          _____
                John F. Grady, United States District Judge


---

[2] Although we deny the present motion for sanctions, Casserly is now on notice that we lack jurisdiction to entertain his claims. Any further activity in this case on his part that causes defendant to incur costs may well result in the imposition of sanctions against Casserly.